IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PHILIP P. GIBILISCO, | ) | 4:10CV3070 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner has filed a Motion for Clarification (filing no. 7), which the court liberally construes as a Motion to Amend Petition for Writ of Habeas Corpus. Condensed and summarized for clarity, Petitioner's amended claims are:

Claim One: Petitioner's conviction on "amended charges" violates the Fifth Amendment protection against double jeopardy *because* Petitioner was found guilty of charges that had previously been dismissed prior to the filing of amended charges, and the trial court lacked the jurisdiction to reinstate the amended charges.

Claim Two: Petitioner was denied effective assistance of trial counsel pursuant to the Sixth and Fourteenth Amendments *because* his trial counsel (1) failed to "move to discharge amended charges" and (2) failed to preserve the State's original plea offer.

Claim Three: Petitioner's conviction was obtained in violation of the Sixth Amendment's guaranty of an accused's

>right to a speedy trial *because* the Nebraska courts miscalculated Petitioner's tolling time.

Claim Four: Petitioner was denied due process of law in violation of the Fourteenth Amendment *because* the State used a "prior ineffective counsel proceeding to enhance sentencing."

Liberally construed, the court preliminarily decides that Claims One through Four are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Clarification (filing no. 7), which the court liberally construes as a Motion to Amend Petition for Writ of Habeas Corpus, is granted.

2. The court decides that Claims One through Four are cognizable in a federal court habeas action.

3. The Clerk of the court is directed to mail copies of this memorandum and order and the amended section 2254 petition to Respondent and the Nebraska Attorney General by regular first-class mail.

4. By July 31, 2010, Respondent shall file a motion for summary judgment or state court records in support of an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: July 31,

2010: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

    5.    If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

        A.    The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

        B.    The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

        C.    Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief shall be served upon Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

        D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

  E. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

  F. If the motion for summary judgment is denied, Respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Petitioner.**

 6. If Respondent elects to file an answer, the following procedures shall be followed by Respondent and Petitioner:

  A. By July 31, 2010, Respondent shall file <u>all</u> state court records which are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the the [*Rules Governing Section 2254 Cases in the United States District Courts*](). Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

  B. No later than 30 days after the filing of the relevant state court records, Respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the

    merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the the *[Rules Governing Section 2254 Cases in the United States District Courts](#)*.

C.  Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.  No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

E.  No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

      F.      The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: August 30, 2010: check for Respondent to file answer and separate brief.

    7.    No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 17th day of June, 2010.

                    BY THE COURT:

                    s/ Joseph F. Bataillon
                    Chief United States District Judge

---

    *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.