IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PHILIP P. GIBILISCO, | ) | 4:10CV3070 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

Philip P. Gibilisco ("Gibilisco" or "Petitioner") is a state prisoner. On April 23, 2010, he filed a Petition under 28 U.S.C. § 2254 seeking release from custody. (Filing No. 1.) Respondent filed an Answer to Gibilisco's Petition (filing no. 11), a Brief addressing the Petition (filing no. 14), relevant State Court Records (filing nos. 9, 10, and 24), and a Reply Brief (filing no. 25). Gibilisco filed a Brief in response to the Answer. (Filing No. 18.) The court deems this matter fully submitted. As set forth below, Gibilisco's Petition is dismissed with prejudice.

Liberally construing the allegations of Gibilisco's Petition (filing no. 1) and related Motion for Clarification (filing no. 7) supplementing the Petition, Gibilisco argues that the Petition should be granted because:

Claim One:     Gibilisco's Fifth Amendment protection against double jeopardy was violated when the Douglas County, Nebraska District Court sustained Gibilisco's motion for post-conviction relief, ordering Gibilisco released from custody, and then subsequently vacated its order and denied in part and granted in part Gibilisco's motion for post-conviction relief. (Filing No. 1 at CM/ECF pp. 8-9; Filing No. 7 at CM/ECF p. 2; *see also* Filing No.

15.) (Claim one has been clarified to reflect that the state post-conviction court ultimately granted Gibilisco relief on the first count of the amended information, but not the others.)

Claim Two:          Petitioner was denied the effective assistance of counsel because his trial counsel (1) failed to move to discharge amended charges on speedy trial grounds; and (2) failed to preserve the State's original plea offer. (Filing No. 1 at CM/ECF pp. 10-11; Filing No. 7 at CM/ECF p. 2.)

Claim Three:        Gibilisco's conviction was obtained in violation of the Sixth Amendment's guaranty of an accused's right to a speedy trial *because* the Nebraska courts miscalculated Gibilisco's tolling time. (Filing No. 1 at CM/ECF pp. 11-13.)

Claim Four:         Gibilisco was denied due process of law in violation of the Fourteenth Amendment *because* the "state may not use [a] prior ineffective counsel proceeding to enhance sentencing against defendant." (Filing No. 7 at CM/ECF p. 2.)

## *I. BACKGROUND*

Because the procedural history of this matter is lengthy, an overview serves as a helpful introduction. With that overview in mind, the detailed procedural history that follows comes into sharper focus.

*Overview*

Gibilisco was charged and convicted of five counts of sexual assault of a child. Gibilisco received two to three years in prison on each of the five counts and those sentences were to be served consecutively. The conviction and sentences were affirmed on direct appeal. However, in a state post-conviction action, Gibilisco successfully argued that his trial counsel was ineffective for failing to move for dismissal under a Nebraska statute that requires trials to be held within a certain time frame. The post-conviction court, at first, overturned the entire conviction as to all counts. On reconsideration, the post-conviction court decided that only the first count required dismissal as the other counts were not barred by the Nebraska statute since those counts were added later by an amended information. Essentially, the court concluded that an amended information started the "speedy trial clock" anew for four charges since those counts charged separate crimes as evidenced by the fact that each of the new charges required the prosecution to present different evidence in order to prove each additional crime. The Nebraska Supreme Court affirmed the decision of the state post-conviction court, and Gibilisco then brought this federal habeas corpus action.

*Detailed Procedural History*

On September 13, 2002, Gibilisco was charged by information with one count of sexual assault on a child "on or about the 24th day of March, 2002, thru [sic] the 15th day of July, 2002." (Filing No. 10-4, Attach. 4, at CM/ECF p. 6.) Gibilisco, who was represented by counsel,[1] pled not guilty to this one count on September 18, 2002. On June 12, 2003, the information was amended by adding four additional counts of sexual assault on a child. Counts II through V alleged the same time frame as count

---

[1]Patrick Boylan. (*See* Filing No. 1 at CM/ECF p. 17.)

I. Petitioner declined to enter into a plea agreement with the State,[2] and the case went to trial. The evidence presented at trial generally established that Gibilisco was almost 40 years old at the time he solicited a young girl to perform oral sex on him on five occasions when she was 11 and 12 years old.

There was a pretrial appeal. In *State v. Gibilisco*, No. A-03-844 (Neb. Ct. App. Sept. 2, 2003), Gibilisco appealed the district court's denial of his pretrial motion to dismiss for vindictive prosecution.[3] The Nebraska Court of Appeals concluded that the order denying Gibilisco's motion to dismiss was not a final, appealable order and dismissed the appeal. Thereafter, the trial was held and Gibilisco was convicted on all five counts.

In *State v. Gibilisco*, A-04-480, 2005 WL 1022024 (Neb. Ct. App. Apr. 26, 2005), Gibilisco appealed his conviction and sentences. (Filing No. 9-1, Attach. 1, at CM/ECF pp. 1-9.) On direct appeal, Gibilisco was represented by different counsel than at trial. He claimed that the district court erred in denying his motion to dismiss in which he claimed vindictive prosecution,[4] admitting a taped conversation between

---

[2]The plea offer, dated April 23, 2003, addressed to defense counsel, stated:

As we discussed today, I am awaiting your client's decision on proceeding with trial on multiple counts or pleading to the one charged count. The trial is set for June 24, 2003. The victim and her family are anxious to get this matter resolved. As such, I will keep the foregoing offer open until May 9, 2003. If your client has not made a decision by that time I will amend the information and begin to prepare for trial. Once the amendment is made, the charges will not later be dismissed.

(Filing No. 24-1, Attach. 1, at CM/ECF p. 12.)

[3]The record for this appeal appears at filing number 10.

[4]In denying this claim, the Nebraska Court of Appeals specifically found that Gibilisco "refused to plead guilty to a single count" and that Gibilisco was "informed

-4-

Gibilisco and the victim's mother, and failing to direct a verdict on four of the five counts.  Gibilisco also challenged the sentence imposed by the district court.  In addition, on direct appeal, Gibilisco claimed that his trial counsel was ineffective for failing to seek dismissal on statutory speedy trial grounds.  In response to this last assignment of error, the Court of Appeals concluded that an evidentiary hearing would be necessary to determine whether a statutory speedy trial violation had occurred and whether Gibilisco's trial counsel was ineffective for not seeking dismissal. Thus, the Court of Appeals did not address that issue. The conviction and sentences were affirmed.  The Nebraska Supreme Court denied a petition for further review.  (Filing No. 9-2, Attach. 2, at CM/ECF p. 1.)

On May 4, 2006, Gibilisco filed a motion for postconviction relief in which he raised several claims of ineffective assistance of trial and appellate counsel.  (Filing No. 9-14, Attach. 14, at CM/ECF pp. 14-19.)  By this time, Petitioner had hired yet another lawyer.  Among other things, the claims raised in Gibilisco's postconviction motion were that trial counsel was ineffective for failing to (1) raise and preserve the issue of whether Gibilisco received a speedy trial; (2) object to the filing of the amended charges and failing to ask for a preliminary hearing; and (3) inform him of the penalties for the crimes when discussing plea negotiations and the treatment of sexual offenders in jail.  Gibilisco also claimed that trial counsel was ineffective when he purportedly misinformed Gibilisco that the court would not order consecutive sentences.  (*Id.*)

By agreement of the parties, the district court first held an evidentiary hearing limited to the issue of whether Gibilisco received ineffective assistance of trial counsel based on Gibilisco's claim that trial counsel failed to move to dismiss his case on the

---

during the plea bargaining process that additional charges would be filed." *Gibilisco*, 2005 WL 1022024, at *3.  Gibilisco's post-conviction counsel would later advise the Nebraska Supreme Court that his client did not "take the plea offer because he thought his speedy trial rights were violated."  (Filing No. 9-9, Attach. 9, at CM/ECF p. 36.)

ground that his 6-month statutory speedy trial rights had been violated.  *See* Neb. Rev. Stat. § 29-1207 (Reissue 2008).  On June 6, 2007, the district court entered an order sustaining Gibilisco's motion.  (Filing No. 9-14, Attach. 14, at CM/ECF pp. 20-24.)

In its June 6, 2007, order, the court stated that Gibilisco was first charged in the district court on September 11, 2002, and that, absent excludable time, Gibilisco should have been brought to trial within 6 months, which was March 10, 2003.  Trial on Gibilisco's case began on December 16, 2003.  The court noted that several procedural excludable events had occurred, including motions to suppress, continue, and dismiss, as well as an attempted appeal.  The court found the total excludable time attributable to these events to be 270 days.  (*Id.*)

The court reasoned that in order to avoid running afoul of his 6-month right to a speedy trial, Gibilisco's trial should have begun within 270 days after March 10, or December 5, 2003.  Because Gibilisco's trial did not start until December 16, the court found that Gibilisco's statutory right to a speedy trial had been violated.  Given this violation, the court further concluded that Gibilisco's trial counsel was ineffective for failing to file a motion to discharge.  The court sustained Gibilisco's motion for postconviction relief and vacated Gibilisco's convictions.  (*Id.* at CM/ECF pp. 22-24.)

After the filing of the June 6, 2007, order, the State promptly filed a motion to reconsider.  In its motion, the State argued that although Gibilisco's right to a statutory speedy trial may have been violated on count I of the information, any speedy trial violation should not apply to counts II through V of the amended information because these subsequently filed charges restarted the speedy trial clock.  (*Id.* at CM/ECF pp. 25-26.)

In response to the State's motion to reconsider, the court stayed its June 6, 2007, order and directed the parties to brief the matter.  On November 2, 2007, the

district court entered an order which granted the State's motion to reconsider and vacated its order of June 6.  (*Id.* at CM/ECF p. 44.)

Douglas County, Nebraska District Court Judge W. Russell Bowie explained his November 2, 2007, ruling in an order filed on November 7, 2008.  Judge Bowie's order granted in part and denied in part Gibilisco's motion for postconviction relief.  Judge Bowie granted the motion with respect to count I because trial counsel had failed to move for dismissal on speedy trial grounds and consequently he vacated the conviction and sentence as to count I of the amended information only.  He denied the statutory speedy trial claims and ineffective assistance of counsel claims as to the other counts.  Judge Bowie also addressed all of the other claims of ineffective assistance of counsel and he denied them.[5]  Judge Bowie wrote a thorough 10-page opinion explaining his reasoning.  (*Id.* at 76-85.)

Gibilisco appealed,[6] and the Nebraska Supreme Court bypassed the Nebraska Court of Appeals and took the appeal directly.  (Filing No. 9-4, Attach. 4, at CM/ECF p. 6.)  In *State v. Gibilisco*, 778 N.W.2d 106 (Neb. 2010), (filing no. 9-3, attach. 3), the Nebraska Supreme Court described Petitioner's four assignments of error as follows:

> Gibilisco claims, restated and summarized, that the district court erred in (1) allowing the State to challenge the court's June 6, 2007, order granting him postconviction relief by way of a motion to reconsider; (2) finding that the additional charges in the amended information were not

---

[5]The ineffective assistance of counsel claims pertained to both trial and appellate counsel.

[6]Petitioner was represented by new counsel (Gregory A. Pivovar) in the state post-conviction action and on the appeal related to the post-conviction action.  (*See* Filing No. 9-9, Attach. 9, at CM/ECF p. 1 (appellate brief); Filing No. 9-14, Attach. 14 at CM/ECF p. 19 (motion for post-conviction relief).)

subject to the same dismissal date on speedy trial grounds as the original charge and reversing its dismissal of all charges based on this determination; (3) concluding that Gibilisco did not receive ineffective assistance of counsel based on his trial counsel's purported failure to properly relate a potential plea bargain and the consequences to Gibilisco; and (4) concluding that Gibilisco did not receive ineffective assistance of counsel based on his trial counsel's purported failure to move to quash the filing of the amended information.

*Id.* at 110-111.

The Nebraska Supreme Court denied the appeal and affirmed. The Court held that Judge Bowie had followed the correct procedure by considering the motion to reconsider as a motion to alter and amend a judgment. The Court observed that a specific Nebraska statute applied and that the prosecutor's motion was timely filed, as the prosecutor submitted the motion two days after the June 6 order granting relief. *Id.* at 111.

In addition, the Nebraska Supreme Court ruled that trial counsel was not ineffective in failing to move to dismiss the later filed four counts on the basis of Nebraska's statutory "speedy trial clock." Since there was no speedy trial violation as to those counts, counsel was not ineffective. The Court gave this detailed explanation:

Here, the amended information charged five separate counts of first degree sexual assault, albeit during the same alleged timeframe. Although count I repeated the substance of the charge found in the original information, counts II through V were new charges based on four additional incidents of sexual assault against the victim in this case. These charges were not based on facts identical to the original charge; rather, they were separate incidents of sexual assault during the same time period as had been alleged with respect to the first charge. Except for count I, the nature of the charges against Gibilisco were changed by

-8-

the amended information.  Each of these new charges required the State to present separate, additional evidence in order to prove each additionally alleged crime beyond a reasonable doubt.  Indeed, as has been described previously in this case on direct appeal, at trial, the victim testified that she could recall five separate incidents of sexual assault. *State v. Gibilisco*, No. A-04-480, 2005 WL 1022024 (Neb.App. Apr. 26, 2005) (not designated for permanent publication).

Referring to the amended information, Gibilisco suggests that allegations of a time period as distinguished from particular dates is problematic.  We find no error in this regard.  We have concluded that as long as the information provides a timeframe which has a distinct beginning and an equally clear end within which the crimes are alleged to have been committed, it is constitutionally sufficient.  See *State v. Martinez*, 250 Neb. 597, 550 N.W.2d 655 (1996).  See, also, *State v. Piskorski*, 218 Neb. 543, 357 N.W.2d 206 (1984).  As was noted in *Martinez*, to hold otherwise would impose an impossible burden on a child sexual assault victim where there are allegations of multiple assaults over a lengthy timeframe.

To summarize, because counts II through V alleged separate and distinct crimes and required the State to present different evidence to prove each of these crimes as charged, the speedy trial clock began to run again upon the filing of the amended information.  There was no speedy trial violation on these new charges.  Because Gibilisco was not prejudiced by his counsel's purported failure to file a motion to discharge based on a violation of the speedy trial act with respect to counts II through V, Gibilisco did not receive ineffective assistance of counsel in this regard and we affirm the district court's ruling relative to counts II through V.  For completeness, we note that the State did not cross-appeal the district court's order granting post-conviction relief relative to count I, and we do not consider this ruling.

*Id.* at 113-114.

Furthermore, and regarding the third assignment of error, the Nebraska Supreme Court refused to consider the allegation that Petitioner's trial counsel was

-9-

ineffective for not properly relaying information to Gibilisco with respect to the plea agreement offered by the prosecutor. The Court found that this issue should have been raised on direct appeal because Gibilisco was aware of the claim and because he had new counsel on the direct appeal.[7] Thus, the Court concluded that this claim was procedurally barred. *Id.* at 114.

Finally, the Nebraska Supreme Court ruled that trial counsel was not ineffective for failing to move to quash the amended information. The Court reasoned that the amended information was not constitutionally deficient and thus Gibilisco suffered no prejudice when his counsel failed to file a motion to quash. *Id.* at 114.

## *II. ANALYSIS*

The Court will review each of Petitioner's federal claims separately. But before doing so, the court will set out the legal principles regarding procedural default, so-called AEDPA deference, and the *Strickland* standard because all or some of those legal rules apply to each claim.

### *Procedural Default*

As set forth in 28 U.S.C. § 2254(b)(1):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

---

[7]Judge Bowie had found that appellate counsel on the direct appeal (Mike Levy) was not ineffective and the judge observed that appellate counsel had raised the very issue of ineffective assistance of counsel that ultimately provided Petitioner with relief on count I. (Filing No. 9-14, Attach. 14, at CM/ECF pp. 81-85.)

(A)    the applicant has exhausted the remedies available in the courts of
the State; or

(B)    (i)    there is an absence of available State corrective process; or
(ii)    circumstances exist that render such process ineffective to
protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion
requirement as follows:

Because the exhaustion doctrine is designed to give the state courts a full
and fair opportunity to resolve federal constitutional claims before those
claims are presented to the federal courts . . . state prisoners must give
the state courts one full opportunity to resolve any constitutional issues
by invoking one complete round of the State's established appellate
review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  A state prisoner must therefore
"fairly present" the substance of each federal constitutional claim to the state courts
*before* seeking federal habeas relief.  *Id.* at 844.

Moreover, where "no state court remedy is available for the unexhausted
claim–that is, if resort to the state courts would be futile–then the exhaustion
requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an
independent and adequate state-law ground for the conviction and sentence, and thus
prevents federal habeas corpus review of the defaulted claim, unless the petitioner can
demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924,
926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).  Stated
another way, if a claim has not been presented to the Nebraska appellate courts and

-11-

is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins v. Kenney*, 410 F.3d 451, 456 n. 1 (8th Cir. 2005).

The Nebraska Supreme Court has stated that the need for finality in the criminal process requires that a defendant bring all claims for relief on direct appeal if those claims are then known, and the failure to do so will result in forfeiture of such claims. *See*, *e.g.*, *State v. Hall*, 646 N.W.2d 572, 579 (Neb. 2002). In the same vein, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall*, 646 N.W.2d at 579.

In such circumstances, where a Nebraska court rejects a claim on state procedural grounds, and "issues a plain statement that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *see also Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted).

Even where a claim has been procedurally defaulted, a petitioner is entitled to an opportunity to excuse the default. *Akins*, 410 F.3d at 456 n. 1. To excuse a

-12-

procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that the failure to consider the claim will result in a fundamental miscarriage of justice (such as where the petitioner is "actually innocent"). *Coleman v. Thompson*, 501 U.S. 722, 749-750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999) (quotation omitted). Additionally, the Eighth Circuit has held that ineffective assistance of counsel at the state post conviction stage is not sufficient to constitute "cause" to excuse the procedural default of a habeas claim. *Armstrong*, 418 F.3d at 927.

## *AEDPA[8] Deference*

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law. *See* 28 U.S.C. § 2254(d). With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an

---

[8]The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, (known as "AEDPA") is an Act of Congress signed into law on April 24, 1996.

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1)   As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts.  *Id.* at 405.  Further, "it is not enough for [the federal court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable."  *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

As the Supreme Court recently noted, "[i]f this standard is difficult to meet, that is because it was meant to be."  *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). The deference due to state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents."  *Id.*  In short, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Id.*

This high degree of deference only applies where a claim has been adjudicated on the merits by the state court.  *See Brown v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim.  The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit clarified what it means for a claim to be adjudicated on the merits, finding that:

-14-

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. Accordingly, the postconviction trial court's discussion of counsel's performance–combined with its express determination that the ineffective-assistance claim as a whole lacked merit–plainly suffices as an adjudication on the merits under AEDPA.

*Worthington v. Roper*, Nos. 09-1802 and 09-2000, 2011 WL 31529, *5 (8th Cir. Jan. 6, 2011) (quotations and citations omitted).  The court also determined that a federal district court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts."  *Id.*  A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims."  *Id.*

The Supreme Court agreed, recently stating:

> There is no text in the statute requiring a statement of reasons.  The statute refers only to a "decision," which resulted from an "adjudication."  As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.

*Harrington*, 131 S. Ct. at 784.

### *Strickland Standard*

Claims of ineffective assistance of counsel are reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984).  *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner.  *Id.* at 687; *see also Bryson*

*v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 690.

Additionally, the Supreme Court has recently emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1418-20 (2009) (reversing the Ninth Circuit Court of Appeals and holding that the decision of the California Court of Appeals, that the defendant was not deprived of effective assistance of counsel when his attorney recommended withdrawing his insanity defense during second phase of trial, was not contrary to or an unreasonable application of clearly established federal law; also concluding, among other things, that there was no reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different).

-16-

In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and that "leeway" presents a "substantially higher threshold" for a federal habeas petitioner to overcome.  Thus:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable–a substantially higher threshold." And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.  See *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

*Id*. at 1420 (citation omitted).

### Claim One–Double Jeopardy

Gibilisco first claims that his federal constitutional right to be free from double jeopardy was violated when the state post-conviction court granted him relief as to all five counts, and then, after reconsideration, found that he was entitled to relief on only one count.  That claim is procedurally defaulted because (1) it was never fairly presented to the state courts for review as a federal double jeopardy claim (*see*, *e.g.*, filing no. 9-9, attach. 9, at CM/ECF p. 7 (Gibilisco's brief to the Nebraska Supreme Court)), (2) Gibilisco has not shown a reason to excuse the default, and (3) the double jeopardy claim cannot now be presented to the state courts because of Nebraska's rule against serial post-conviction litigation.  But, even if this Court were to reach the merits, it also clear that Petitioner is not entitled to relief.[9]

---

[9]*See Dodge v. Robinson*, 625 F.3d 1014, 1017 (8th Cir. 2010) (denying double jeopardy claim and ineffective assistance of counsel claims on the merits without first

-17-

As  the United States Court of Appeals for the Eighth Circuit has recently emphasized, the "fair presentment" requirement is strictly enforced:

> Before seeking habeas corpus relief under § 2254, a prisoner ordinarily must "fairly present" his federal claims to the state courts. *See, e.g.*, *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L.Ed.2d 64 (2004). This requirement serves the salutary purpose of giving states the "opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (internal quotation marks omitted) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). The onus rests on the prisoner to present the substance of his federal claims "in each appropriate state court (including a state supreme court with powers of discretionary review)." *Baldwin*, 541 U.S. at 29, 124 S. Ct. 1347; *see also Henry*, 513 U.S. at 365-66, 115 S. Ct. 887 ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."). It is not enough to recite "only . . . the facts necessary to state a claim for relief," *Gray v. Netherland*, 518 U.S. 152, 163, 116 S. Ct. 2074, 135 L.Ed.2d 457 (1996) (citing *Picard*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438), or to "make a general appeal to a constitutional guarantee as broad as due process," *id.* (citing *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (per curiam)). Likewise, "[m]ere similarity between  . . . state law claims and . . . federal habeas claims is insufficient" to satisfy the fair presentation requirement. *Carney v. Fabian*, 487 F.3d 1094, 1097 (8th Cir.2007) (alteration in original) (quoting *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir.1997)). Thus, we have held that "[i]n order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Id.* at 1096 (internal quotation marks omitted) (quoting *McCall*, 114 F.3d at 757). If

---

deciding procedural default issue).

a prisoner fails to present his federal claims to the state courts, those claims are generally considered procedurally defaulted. *See*, *e.g.*, *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir.1999) (en banc) (citing *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir.1996) (en banc)).

*Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010) (in a murder case, holding that federal claim that defendant's brother recanted testimony against defendant and that federal due process standards required the state court to hold an evidentiary hearing on the veracity of the recantation was procedurally defaulted where defendant raised only state law grounds in state court for contesting the refusal to hold an evidentiary hearing).

Gibilisco has failed to show "cause" and "prejudice," "actual innocence," or some other "miscarriage of justice" to excuse the default.   Rather, he asserts that "petitioner's federal rights claims, were in substance, the same, similar or inextricably related [to the claims presented to the state courts]."  (Filing No. 18 at CM/ECF p. 10.)  As *Turnage* (and many other cases) makes clear, a similarity between the state law claims and the federal claims is insufficient where, as here, there was no notice to the state courts that a specific federal constitutional right formed a basis for Petitioner's claim.

Finally, even if the undersigned were to reach the merits, it is clear that Gibilisco is not entitled to relief.  Since Gibilisco was not prosecuted after an acquittal or conviction, there could be no "double jeopardy."  *See*, *e.g.*, *Dodge v. Robinson*, 625 F.3d 1014, 1018 (8th Cir. 2010) (as pertinent here, stating that the Fifth Amendment's Double Jeopardy Clause provides a criminal defendant with protection *against successive prosecution, either after an acquittal or after a conviction*).  Indeed, Gibilisco cites no cases, and the undersigned could find none, holding that a state post-conviction judge violates federal double jeopardy standards by reconsidering and vacating that judge's earlier favorable decision.

-19-

*Claim Two–Ineffective Assistance of Counsel–Failure to Move for Dismissal on All Counts on Speedy Trial Grounds and  Failure to "Preserve" Plea Offer*

Claim Two has two parts and pertains to ineffective assistance of trial counsel. Each part will be discussed separately.

### Part One

Regarding the claim that trial counsel was ineffective for failing to move to dismiss all counts because Nebraska's speedy trial statute had been violated, the Nebraska Supreme Court specifically considered this claim and rejected it. Essentially, the Court found that the Nebraska speedy trial statute only barred prosecution on the first count, and, as a result, trial counsel could not have been ineffective for failing to move for dismissal as to the other counts.  This analysis is entitled to AEDPA deference when measured by the *Strickland* test.  Accordingly, Gibilisco is not entitled to relief on this part of Claim Two.

### Part Two

Regarding the second part of this claim respecting the alleged failure to "preserve"[10] the plea offer, that claim has been procedurally defaulted.  The Nebraska Supreme Court found that this issue should have been raised on direct appeal and because it was not raised, it was barred from consideration under Nebraska law.  It is therefore defaulted under federal law. Furthermore, Gibilisco has failed to provide a

---

[10]Gibilisco never specifies what he means by "preserve."  As a result, it is very difficult to decipher the logic behind this portion of Claim Two.

sufficient reason for excusing the default under the "cause"[11] and "prejudice"[12] standard or otherwise.

### Claim Three–There was a Sixth Amendment Violation Because the Nebraska Courts Miscalculated the Tolling Time

Initially, this claim must be rejected because it is procedurally defaulted. The Sixth Amendment, as opposed to Nebraska's speedy trial statute, was never raised as a basis for overturning the conviction (*see*, *e.g.*, filing no. 9-9, attach. 9 (Gibilisco's brief to the Nebraska Supreme Court))[13] and there has been no showing that the default may be excused.

More simply, this claim is, at its core, a state law claim that turns entirely on a parsing of the Nebraska speedy trial statute. This court cannot review a state court's decision regarding state law. *See, e.g., Turnage*, 606 F.3d 933 at 942 ("[I]t should go without saying that this court cannot review the [Nebraska] Supreme Court's adjudication of the petitioner's state law claims.").

### Claim Four–There was a Fourteenth Amendment Due Process Violation As Nebraska Used the Ineffectiveness of Trial Counsel to Enhance the Sentences

---

[11]Judge Bowie specifically found that Gibilisco's new counsel on the direct appeal was not ineffective. *See* footnote 7.

[12]There is virtually no likelihood that Gibilisco would have ever accepted the plea offer given his strongly (but wrongly) held view that the Nebraska speedy trial statute provided a complete defense to all the potential charges. *See* footnote 4.

[13]Note that a violation of a state speedy trial statute is not synonymous with a violation of the Sixth Amendment right to a speedy trial as the elements that make out each such claim are different. *See, e.g, Brink v. Rouch*, 677 F.Supp. 569, 571-572 (C.D. Ill., 1988) (violation of state speedy trial statutes did not implicate Sixth Amendment and did not entitle prisoner to habeas corpus relief).

The reasoning behind this fourth claim is obscure.  Nonetheless, it is evident that no Fourteenth Amendment Due Process claim was fairly presented to the state courts (*see e.g.*, filing no. 9-9, attach. 9 (Gibilisco's brief to the Nebraska Supreme Court)) and a procedural default has occurred.  Gibilisco has shown nothing that would excuse the default. The fourth claim is therefore denied.

IT IS THEREFORE ORDERED that:

1.      Petitioner Philip P. Gibilisco's Petition for Writ of Habeas Corpus (filing no. 1) is dismissed with prejudice.

2.      A separate judgment will be entered in accordance with this Memorandum and Order.

February 23, 2011.                              BY THE COURT:


                                                s/Joseph F. Bataillon
                                                Chief United States District Judge

_____
        *This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.